# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

JAMES MORRIS,                                                              PETITIONER

V.                                                                         NO. 2:02CR74-WAP

UNITED STATES OF AMERICA,                           RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of James Morris for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255. In a previous opinion, the court denied Morris' petition with one exception. The court ordered further briefing on the matter. The government has responded, the Petitioner has replied and the matter is now ripe for final resolution. For the reasons set forth below, the remaining issue in instant petition for a writ of *habeas corpus* shall be denied.

### Facts and Procedural Posture

For purposes of brevity the complete factual history and procedural posture will not be discussed but may be found in the court's prior opinion dated February 7, 2006. That opinion dismissed all of Petitioner's claims except for one. The court ordered further briefing as to Petitioner's claim that he received ineffective assistance of counsel because the quantity of drugs used to calculate his offense level was incorrect. Because an inconsistency between the amount of drugs used in the plea agreement and the amount used to calculate Petitioner's sentence may have had an adverse effect on the sentencing range, the court left the issue open.

Specifically, the plea agreement indicated that the Petitioner possessed 48.6 grams of cocaine base and the presentence investigation report ("PSI") indicated that he possessed 55.7 grams of cocaine base. The PSI calculated Petitioner's offense level to be 31 and a criminal history category of VI as a career offender yielded a sentencing range of 188 to 235 months imprisonment. Petitioner was sentenced to 230 months, the higher end of the sentencing range.

## Discussion

Petitioner claims that the PSI attributed to him a higher quantity of drugs than represented in the plea agreement. Further, Petitioner contends that the higher quantity erroneously increased his offense level for purposes of calculating the sentencing range. Petitioner, however, is misinformed.

Since he was considered a career offender, Petitioner was subject to the career offender section 4B1.1(b) of the sentencing guidelines. As a result, Petitioner's criminal history category and offense level were determined by the career offender guideline and not the quantity of drugs attributable to him. The career offender section provides in part:

> (b) Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.
>
> | Offense Statutory Maximum | Offense Level* |
> |---|---|
> | (A) Life | 37 |
> | (B) 25 years or more | 34 |
> | (C) 20 years or more, but less than 25 years | 32 |
>
> . . .
>
> *If an adjustment from 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by the number of levels corresponding to that adjustment.

U.S.S.G. § 4B1.1(b). According to the guideline quoted above, as a career offender Petitioner's criminal history category was a VI. His offense level requires more explanation.

Petitioner pled guilty to counts one and four of the superceding indictment. Count one charged that Petitioner did knowingly and intentionally possess with intent to distribute in excess of 5 grams of a mixture and substance containing cocaine base, crack cocaine, a Schedule II controlled substance in violation of 21 U.S.C. § 841(a) and (b)(1)(B). The maximum penalty authorized by the statute is not more than 40 years. 21 U.S.C. § 841(b)(1)(B). Using the chart in

guidelines section 4B1.1(b), because the offense to which he plead guilty carried a maximum penalty of 40 years, Petitioner's offense level was 34. Petitioner, however, received a three level reduction for acceptance of responsibility, resulting in a total offense level of 31.

The simple and undeniable fact is that the drug quantity disputed by the Petitioner had no effect on the calculation of either his criminal history category or his offense level. Rather, both the criminal history category and the offense level were established by the guidelines based on Petitioner's status as a career offender. Neither the drug quantity used in the plea agreement nor the quantity used in the PSI had an effect on the computation of Petitioner's permissible sentencing range. Therefore, Petitioner's argument is misguided and without merit.

With a prescribed criminal history category of VI and offense level of 31, Petitioner's sentencing range was calculated to be 188 to 235 months. Petitioner was sentenced to 230 months incarceration, the higher end of the permissible range but, nevertheless, within the guidelines. Accordingly, habeas relief is not appropriate and Morris' petition is denied in all respects.

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 5th ay of October, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE